**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MORRIS SENIOR LIVING, LLC, et al., ) | Case No. 13 C 2457 |
| ) | |
| Debtors. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

This is an appeal arising from a bankruptcy case involving debtors Morris Senior Living, LLC and Morris Real Estate Holdings II LLC. Morris Real Estate and two other parties, Morris Healthcare & Rehabilitation Center, Inc. and Lewis Borsellino, have appealed from the bankruptcy court's approval of the sale of all of the debtors' assets. This particular notice of appeal also included a separate contempt ruling the appeal of which presents issues separate and distinct from those involved in the appeal from the approval of the asset sale. In addition, there is a separately-filed appeal that concerns another contempt ruling (Case No. 13 C 2064). There was a significant need for dispatch in reviewing the order approving the sale but less need for dispatch in reviewing the two contempt findings. For this reason, the Court set separate briefing schedules for the sale appeal and the contempt appeals. This decision concerns only the sale appeal.

The Court imposed very short deadlines on the parties in briefing the sale appeal and on itself in ruling on it. The Court will therefore dispense with a detailed recitation of the facts and instead go directly to the disputed issues.

1.      Appellants Morris Healthcare and Borsellino did not object to the sale in the bankruptcy court.  They thus waived (or, better put, forfeited) any objection to the sale.  *See In re Cult Awareness Network, Inc.*, 151 F.3d 605, 610 (7th Cir. 1998) (party waived objection by failing to raise it before the bankruptcy court).  As a result, they are not proper appellants.

2.      The Court agrees with the bankruptcy court that Morris Real Estate lacks standing to appeal from the order approving the sale.  Though this is a Chapter 11 case, a trustee was appointed, and thus Morris Real Estate effectively is not a debtor in possession.  It has standing to appeal from the sale only if it has a pecuniary interest in the outcome.  *Cult Awareness Network*, 151 F.3d at 607; *In re Andreuccetti*, 975 F.2d 413, 416-17 (7th Cir. 1992).  That is so only if Morris Real Estate shows there is a reasonable possibility that there would be a surplus left over after all debts are satisfied.  *Cult Awareness Network*, 151 F.3d at 608; *Andreuccetti*, 975 F.2d at 417.

Morris Real Estate has not made the necessary showing.  The sale that the bankruptcy court approved will leave a significant amount of unpaid debt.  The only alternative on the table was a plan that the debtors proposed very late in the process.  But Morris Real Estate failed to show that its plan would leave a reversionary surplus after all debt was paid.  Indeed, it failed to show that the plan could succeed at all.

3.      In their briefs on appeal, appellants barely addressed either of the points just discussed.  They seem fixated on their contention that Morris Healthcare was wrongfully deprived, without due process, of a secured living facility (SLF) certificate issued by Illinois authorities.  That has little or nothing to do with the issues before the Court.  As the trustee (the appellee) points out, the SLF certificate is not being sold as

part of the court-approved sale.  Morris Healthcare's claim to the certificate does not undermine the Court's conclusion that Morris Healthcare and Borsellino cannot appeal because they forfeited any objection to the sale or its conclusion that Morris Real Estate lacks standing because it has no pecuniary interest in the outcome.  The Court therefore dismisses the appeal.

4. Even if there were a proper appellant before the Court, the Court still would affirm the bankruptcy court's approval of the sale.  Approval of a sale of a debtor's assets is reviewed for abuse of discretion, which occurs only if the bankruptcy court based its decision on an incorrect legal principle or a clearly erroneous factual finding, or when there is no evidence on which the court reasonably could have relied. *See Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2003).

Appellants have failed to make the showing required to overturn the bankruptcy court's order.  The bankruptcy court considered the appropriate factors and reasonably found a business justification for the sale, and it committed no clear error.  *See Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991).  The trustee acted in a procedurally adequate matter in marketing the sale and providing notice to all parties in interest; there was significant bidding and negotiation, done at arm's length; and there is no indication of any improper motive or bad faith on the part of the trustee or the purchaser.  In addition, the sale was commercially reasonable given the dire financial situation that the trustee faced when he took over operation of the business.  In addition, there was no reasonable expectation that any other alternative – including Morris Real Estate's proposed plan – would succeed.  That proposed plan turned on obtaining a government-backed loan, but Morris Real Estate did not show there was a

reasonable possibility that it would actually obtain the loan. The bankruptcy court thus reasonably concluded that the proposed plan was not viable.

## Conclusion

For the foregoing reasons, the Court directs the Clerk to enter judgment dismissing the appellants' appeal from the bankruptcy court's order approving the sale of the debtors' assets. Because the appeal from the sale order is distinct from the contempt matter also being appealed under this case number, this will be a final judgment, roughly equivalent to a final judgment on less than all claims entered pursuant to Federal Rule of Civil Procedure 54(b). The case will, however, remain open pending determination of the contempt appeal that is being separately briefed.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 9, 2013